Tracy WATTS, Appellant

v.

Dr. Michael J. HERBIK, Doctor;
Chris Meyer, (P.A.).

No. 09–4144.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 14, 2010.

Opinion filed: Feb. 9, 2010.

Tracy Watts, Coal Township, PA, pro se.

P. Brennan Hart, Esq., Kathryn M. Kenyon, Esq., Pietragallo, Gordon, Alfano, Bosick & Raspanti, Pittsburgh, PA, for Appellees.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Tracy Watts, a Pennsylvania state inmate, appeals pro se from orders by the District Court granting defendants' motion for summary judgment. Because the appeal presents no substantial question, we will summarily affirm.

Tracy Watts filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was not properly treated after undergoing testicular surgery. ·On December 4, 2006, Watts had surgery to repair a hyrdocele in his testicle and claims that afterwards, he experienced pain and difficulty walking and should have been given a wheelchair and/or crutches to ambulate without pain. As a result of swelling, Watts claimed that he had to have a hematoma surgically removed on January 15, 2007. He named the prison's health care administrator, Robert Tretinik; Dr. Michael Herbik; and a physician assistant, Chris Meyers, as defendants in his suit.

Defendant Tretinik filed a motion to dismiss on the grounds that Watts failed to name him in any grievance, and thus his claims were procedurally defaulted. Watts filed an amended complaint, which the District Court permitted, and defendant Tretinik filed another motion to dismiss with documentation showing that Watts's amended claims were still procedurally defaulted. The District Court agreed, citing 42 U.S.C. § 1997e(a) under the Prison Litigation Reform Act (PLRA), and *Spruill v. Gillis,* 372 F.3d 218 (3d Cir.2004). Defendants Herbik and Meyers also filed a motion to dismiss the amended complaint; however the District Court found that Watts had sufficiently alleged Eighth Amendment claims against both defendants. Watts's remaining claims under the Fourteenth and Fifth Amendments were dismissed.

Defendants Herbik and Meyers subsequently filed a motion for summary judgment on Watts's remaining Eighth Amendment claim. Based on the evidence provided by the defendants, and the fact that Watts had adduced no evidence whatsoever, the District Court granted the motion for summary judgment. Watts timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *See Kaucher v. County of Bucks,* 455 F.3d 418, 422 (3d Cir.2006).

■ As an initial matter, we agree with the District Court's dismissal of Watts's § 1983 claim against defendant Tretinik. The PLRA requires that a prisoner exhaust any available administrative remedies before bringing a federal claim concerning prison conditions. 42 U.S.C. § 1997e(a); *Nyhuis v. Reno,* 204 F.3d 65, 67 (3d Cir.2000). This requirement includes a procedural default component. *Spruill,* 372 F.3d at 234. Per institutional policy, inmates must exhaust administrative remedies and "identify any persons who may have information that could be helpful in resolving the grievance." *Id.* at 234 (citing Pennsylvania's Department of Corrections policy). As Watts failed to mention Tretinik in his administrative grievance and did not place him on notice of alleged wrongdoing, Watts procedurally defaulted all claims against him.

Turning to defendants Herbik and Meyers, summary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To overcome summary judgment, the non-moving party must "set out specific facts" and present more than a "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the non-moving party fails to make a sufficient showing establishing an element of his claim that is essential to his case and on which he will bear the burden of proof at trial, then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3725

To show a violation under the Eighth Amendment, Watts must show "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). This requires Watts to demonstrate that prison officials had a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Specifically, Watts must show that prison officials knew of an excessive risk to his health or safety and affirmatively disregarded that risk. *Id.* at 837–38, 114 S.Ct. 1970.

■ Defendants provided by affidavit and Watts's medical records that Watts received care and treatment for his testicular problems. Although Watts claims that he should have been issued crutches or a wheelchair after his December surgery, defendant Herbik attested that neither was medically indicated. Nevertheless, medical records show that Watts was provided with crutches after the removal of the hematoma in January, and that he was given treatment after both the surgery and hematoma removal, including pain medication and additional medical attention. Watts provides no evidence to support the objective or subjective elements of his Eighth Amendment claims, and on this absence of evidence alone, defendants are entitled to summary judgment. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. His mere denials of facts do not merit the rejection of defendants' summary judgment motion. *See* Fed.R.Civ.P. 56(e)(2) ("an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial"). Furthermore, even viewing the record in a light most favorable to Watts, at most, he may have stated a claim that defendants acted negligently, which does not amount to an Eighth Amendment violation. *See Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285. Accordingly, a grant of summary judgment was proper.

As Watts's appeal presents no substantial question, we will summarily affirm the District Court judgment. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.